Alex R. Straus, SBN 321366
astraus@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
16748 McCormick Street
Los Angeles, CA  91436
Telephone: (917) 471-1894
Facsimile: (310) 496-3176

*Counsel for Plaintiff and Proposed Classes*

*Additional attorneys on signature page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARITA DEVEREAUX, on Behalf of Herself and Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Defendant. | Case Number:  5:21-cv-873<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>1.  **Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1799 et seq.**<br>2.  **Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br>3.  **California Unfair Practices Act: Cal. Bus. & Prof. Code § 17200,** *et seq.*<br>4.  **Conversion** |

Charita Devereaux ("Plaintiff") brings this Class Action Complaint against Nationstar Mortgage LLC ("Nationstar" or "Defendant), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge

as to herself and her own acts and experience and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. This is a consumer protection action brought by Plaintiff and others similarly situated to obtain redress from Nationstar's withdrawal of enormous sums of money from the bank accounts.

2. Specifically, Nationstar participated in unauthorized debits of mortgage payments from borrower bank accounts; withdrawing multiple months of payments from their customers without notice. These withdrawals led to significant overdraft fees and left borrowers such as Plaintiff with reduced (or zero) purchasing power while they waited for Nationstar to correct its errors.

3. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers from whom Nationstar unlawfully collected funds through improper ACH debit transactions, in violation of California and Federal law as further set forth herein.

## JURISIDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in

CLASS ACTION COMPLAINT

which some Members of the proposed Classes are citizens of a state different from Defendant.

5.    This Court has personal jurisdiction over Defendant because it transacts business in the United States, including in this District, has substantial aggregate contacts with the United States, including in this District, engaged in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, and purposely availed itself of the laws of the United States and the State of California.

6.    In accordance with 28 U.S.C. § 1391, venue is proper in this District because this District is where a substantial part of the conduct giving rise to Plaintiff's claims occurred, where Defendant transacts business, and where Plaintiff resides.

## **PARTIES**

7.    Plaintiff is and, at all relevant times hereto, has been a citizen and resident of California.

8.    Plaintiff is and, at all relevant times hereto, has been the owner of a residential home located in Riverside County, California.

9.    Plaintiff's home is and, at all relevant times hereto, was secured by a mortgage which was serviced by Defendant.

10.    In early 2021, Plaintiff had approximately $3,600 withdrawn

3

from her bank account without notice, authorization, or consent; consisting of two withdrawals of approximately $1,800 each.

11. Plaintiff is a consumer, a person, and a debtor as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq.*

12. Nationstar Mortgage LLC is a Delaware Limited Liability Company with a principal place of business in Coppell, Texas.

13. Nationstar services mortgages throughout the country, including in this District.

## **FACTUAL ALLEGATIONS**

14. Nationstar frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan because, upon information and belief, Nationstar obtained the servicing rights to Plaintiff's mortgage loan while it was in a state of default.

15. Nationstar is also a "debt collector" as defined by Section 1788.2(b) of the RFDCPA because it is a "person" that regularly engages in "debt collection" in the ordinary course of business; including with respect to Plaintiff and each member of the putative class.

16. Nationstar's employees, affiliates, directors, agents, vendors, and attorneys (including ACI Worldwide) act under the direction and supervision of

4

Nationstar and, therefore, Nationstar is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, vendors and attorneys under, *inter alia*, the theory of *respondeat superior*.

17.    Nationstar is a servicer of mortgages for residential housing loans.  As a mortgage servicer, Nationstar contracts with loan owners to collect payments, fees, and other amounts owed by the homeowner and to provide other "services" to investors relating to the homeowner's loan.

18.    Nationstar also occasionally refinances mortgages and becomes the mortgage lender, while still performing the same servicing duties.

19.    Upon information and belief, Nationstar services not less than hundreds of thousands of loans throughout the United States, including the mortgages of Plaintiff and the putative class.

20.    When Nationstar acquires the servicing rights to a particular loan portfolio, a large percentage of the loans contained therein are delinquent as of the effective date of the acquisition.

21.    Upon information and belief, Nationstar allows borrowers such as Plaintiff to authorize Nationstar to initiate automatic recurring debit entries once per month equal to the required monthly payments for the respective loan. This allows the debt collection process to run smoothly, efficiently, and (theoretically) safely.

22.    This process is generally initiated through an Automatic Clearing

5

House ("ACH") debit transaction from the Borrower's financial institution.

23.    Entities such as Nationstar who initiate these monthly debit transactions are commonly referred to as "Originators."

24.    Originators initiate an ACH transfer through their Originating Depository Financial Institution ("ODFI"), or a third-party agent.

25.    Originators and ODFIs occasionally contract with third parties to act as their agents associated with these transfers.

26.    Borrowers such as Plaintiff are commonly referred to as "Receivers," in that their Receiving Depository Financial Institution ("RDFI") receives the ACH transfer request from the ODFI.

27.    Upon information and belief, Nationstar, or its agents, typically will submit a batch file (or files) through the ACH network to initiate debits from its borrowers' accounts.

28.    Each borrower who is making payments pursuant to a mortgage note should only appear on **one batch file per month**, on a pre-ordained schedule authorized by the borrower.

29.    However, in 2021, Nationstar submitted hundreds of thousands of improper ACH debit requests.

30.    For example, Nationstar, or its agents, initiated two debit requests to Plaintiff's RDFI.

CLASS ACTION COMPLAINT

31.    Upon information and belief, some borrowers had as many as six ACH debit requests to their bank.

32.    As Plaintiff had 'authorized' Nationstar to initiate ACH requests, Plaintiff's RDFI allowed Nationstar's ODFI (or agent) to pull money from her account.

33.    In Plaintiff's case, approximately $3,600 was taken, equivalent to two monthly mortgage payments.

34.    Plaintiff, of course, did not authorize this.

35.    Upon information and belief, some borrowers had as much as $50,000.00 taken by Nationstar.

36.    Plaintiff was left without purchasing power while Nationstar's failures were investigated.

37.    Plaintiff was deprived of interest on her savings as a result of Nationstar's unauthorized debits.

38.    Upon information and belief, tens of thousands of similarly situated Plaintiffs also experienced unauthorized ACH debits on their account; resulting in, *inter alia*, lost interest, loss of purchasing power, and overdraft fees.

39.    Nationstar unlawfully collected tens of thousands of unauthorized borrower mortgage loan payments.

40.    Nationstar (or its agents) failed to have measures in place to ensure that

7

pre-authorized monthly transactions only occurred *monthly*.

41.     Nationstar (or its agents) failed to have measures in place to identify significant abnormalities in its ACH debit transactions *prior* to 'settlement' of the transaction; i.e. the money leaves the borrower's bank account and goes to Nationstar (or its agent).

42.     Nationstar (or its agents) failed to have measures in place to identify an out-of-control run on ACH debit transactions prior to settlement of these transactions.

43.     Upon information and belief, Nationstar (or its agents) failed to comply with the NACHA Operating Rules, which govern ACH transactions and are designed to provide security to the participants.

44.     Nor, upon information and belief, did Nationstar (or its agents) comply with Federal regulations and guidelines governing ACH transactions.

45.     Instead, **Nationstar repeatedly collected mortgage debt to which it was not authorized to collect**.

46.     In the case of Plaintiff, Nationstar collected one or more unauthorized mortgage payments which it was not authorized to collect.

47.     As a result of the foregoing, Plaintiff and Class Members have experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to their withdrawal of monies from their bank account.

CLASS ACTION COMPLAINT

48.     As a result of the foregoing, Plaintiff and Class Members were deprived of interest that would have accrued on their personal funds had Nationstar not withdrawn them without authorization.

49.     Upon information and belief, Nationstar or its agents were unjustly enriched by accruing interest on the unauthorized withdraws.

50.     As a result of the foregoing, Nationstar, *inter alia*, violated borrowers' substantive rights to be free from unlawful debt collection, violated borrowers' rights to be able to make informed decisions regarding their finances, caused their customers to be charged overdraft fees, and caused their borrowers to have limited purchase power while accounts were overdrawn.

51.     As an example of limited purchase power, Plaintiff had other bills and living expenses that needed to be paid at the time of the unauthorized debits.

## **CLASS ACTION ALLEGATIONS**

52.     The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

53.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff bring this action individually and on behalf of the following classes which are tentatively defined as:

> **California Class**: All consumers throughout the State of California whose mortgage loans were serviced by

9

Nationstar who had funds in excess of a single monthly payment withdrawn from their account during the period from May 14, 2020 through the filing of this Complaint.

**FDCPA Subclass:** All consumers throughout the State of California whose mortgage loans were serviced by Nationstar, and whose mortgage servicing was transferred to Nationstar while in a state of default, who had funds in excess of a single monthly payment withdrawn from their account during the period from May 14, 2020 through the filing of this Complaint.

54. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Nationstar and any entity in which Nationstar has a controlling interest in Nationstar and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

55. *Numerosity*: Plaintiffs are unable to provide a specific number of members in each of the classes because that information is solely in the possession of Nationstar. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Nationstar's business records. Upon information and belief, each class contains at least hundreds of consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

10

56.     *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented, because Nationstar's improper automatic withdrawals seemingly occurred through a single action or single series of actions allowing thousands of borrowers to have funds withdrawn at substantially the same time. Common questions include, but are not limited to:

a.  whether Nationstar' unlawful withdrawals constitute a violation of the FDCPA.

b.  Whether Nationstar's acts violate the RFDCPA.

c.  Whether Nationstar had adequate measures in place to protect its borrowers from unlawful theft of funds from their bank accounts through inappropriate ACH debit transactions.

d.  Whether Nationstar complied with relevant industry standards, regulations, and guidelines.

e.  The facts and set of circumstances surrounding the cause of these unauthorized ACH debits.

57.     *Typicality*: The claims of Plaintiff are typical of the claims of the proposed class and all are based on the same facts and legal theories, as all such claims arise out of Nationstar' conduct (i.e. unauthorized ACH debits).

58.     *Adequate Representation*: Plaintiff is an adequate representative of the putative class in that she does not have antagonistic or conflicting claims with other

11

members of the putative class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

59. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

60. *Predominance and Superiority*: The classes are appropriate for certification because questions of law and fact common to the members of the classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the classes is impracticable. Should individual class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violations of the FDCPA, 15 U.S.C. § 1692,** *et seq.*

12

**(On behalf of the FDCPA Sub-Class)**

61.     The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

62.     Nationstar often acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

63.     Nationstar acted as a "debt collector" in servicing Plaintiff's mortgage because her loan was in default at the time Nationstar obtained the servicing rights.

64.     Plaintiff and all members of the Classes are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

65.     At all material times, Plaintiffs' debt and the debts of the Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

66.     Nationstar has collected debt in violation of 15 U.S.C. § 1692e, in that it took action that it could not legally take. Each mortgage transaction is subject to a promissory note which prohibits Nationstar's actions. Similarly, each borrower who authorized ACH transactions from their checking account authorized only <u>one</u> debit per month to cover their payment.

67.     FDCPA section 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

68.     Nationstar has attempted to collect debt in violation of 15 U.S.C. § 1692f by using unfair and unconscionable means, including collecting amounts not expressly authorized by the Borrower, Borrower's deed of trust, Borrower's note, or permitted by law.

69.     As a result of Nationstar's unlawful attempts to collect debt, Plaintiffs and the Class Members are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**Violations of the RFDCPA, Cal. Civ. Code. § 1788, *et seq.***
**(On behalf of the California Class)**

70.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

71.     Nationstar is a "debt collector," as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c), in that Nationstar is a "person who, in the ordinary course of business, regularly, or on behalf of himself or herself or others, engages in debt collection.

72.     The debt that Nationstar has collected or attempted to collect from Plaintiff and the Class arose from "consumer credit transactions" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(e), in that the "debt" arose from a transaction between a natural person and another person in which property, services or money was acquired on credit for personal, family, or household purposes.

14

73.    Nationstar's actions violated the Rosenthal Act by, among other things: Willfully violating the FDCPA in the manner described *supra*, including but not limited to Paragraphs 52-54, in violation of Cal. Civ. Code § 1788.17, which specifically prohibits any entity covered by the Rosenthal Act from violating the FDCPA.

74.    As a result of the foregoing, Plaintiff and the California Class suffered pecuniary and non-pecuniary damages; and are entitled to compensatory and statutory damages, injunctive relief, as well as their reasonable attorneys' fees and costs.

75.    As a result of Nationstar's unlawful attempts to collect debt, Plaintiff and the California Class Members are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
**Negligence**
**(on behalf of the California Class)**

76.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

77.    Nationstar has a duty to take reasonable precautions to ensure the security of its borrowers' accounts from improper unauthorized automatic withdrawals.

78.    Nationstar was negligent in that it:

15

a.  Failed to take proper steps to ensure that borrowers can safely provide Nationstar with access to their checking accounts so that monthly mortgage payments can be made.

b.  Failed to adequately supervise its employees, vendors, and/or agents (including ACI Worldwide) to ensure that the automatic withdrawal process was safe, reliable, and trustworthy.

c.  Failed to establish reasonable procedures to immediately suspend ACH debit requests from borrowers once a problem was identified.

d.  Failed to establish reasonable procedures to ensure that multiple entries of the same dollar amount and same receiver would not be initiated on the same day.

e.  Failed to ensure that appropriate risk management guidelines for payment processors were followed.

f.  Failed to comply with relevant NACHA Operating Rules.

g.  Failed to comply with Relevant Federal laws and regulations, including but not limited to 31 C.F.R. Part 210, the Uniform Commercial Code, and the Electronic Funds Transfer Act.

h.  Otherwise failed to act as an ordinarily reasonable mortgage servicer would under the conditions then and there existing as will be shown after discovery and at trial.

16

CLASS ACTION COMPLAINT

i.     Otherwise failed to act as an ordinarily reasonable originator of ACH debit payment transactions would under the conditions then and there existing as will be shown after discovery and at trial.

79.    Nationstar's negligence was the proximate cause of Plaintiff's injuries, and the injuries of others similarly situated.

80.    Nationstar is aware of the reasonable foreseeability that a series of automatic withdrawals would have disastrous consequences for borrowers, including Plaintiff; including stress, anxiety, and emotional injuries resulting from a loss of funds, even a temporary one.

## FOURTH CAUSE OF ACTION
**Violation of the California Unfair Practices Act: Cal. Bus. & Prof. Code § 17200, *et seq***
**(on behalf of the California Class)**

81.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

82.    Nationstar's mortgage servicing operations with borrowers such as Plaintiff constitute commerce.

83.    The California Unfair Practices Act prohibits "any unlawful, unfair or fraudulent business act or practice."

84.    The specific acts by Nationstar, or its agents of unlawfully initiating debit transactions to allow borrower's RDFIs to send borrower's money to

17

Nationstar, are in or affecting commerce.

85.    The specific acts by Nationstar, or its agents of unlawfully initiating debit transactions to allow borrower's RDFIs to send borrower's money to Nationstar, are unfair, deceptive or fraudulent.

86.    Plaintiff and others similarly situated have been subjected to pecuniary, and non-pecuniary injuries resulting from Nationstar's unfair and deceptive conduct; including the loss of interest on their savings.

87.    Plaintiff and others similarly situated are entitled to restitution and injunctive relief pursuant to the California Unfair Practices Act.

## FIFTH CAUSE OF ACTION
### Conversion
### (on behalf of the California Class)

88.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

89.    Nationstar converted the personal property of Plaintiff and the California Class by initiating unauthorized ACH debits from bank accounts owned by Plaintiff and each member of the California Class.

90.    Nationstar engaged in the unauthorized assumption and exercise of the right of dominion over funds in the bank accounts of Plaintiff and each member of the California Class to the exclusion of the respective account owners' rights.

91.    Nationstar's unauthorized debits were wrongful acts that deprived the

CLASS ACTION COMPLAINT

respective account owners' of their rightful property.

92.     Thus, Plaintiff and each member of the California Class were denied access to funds in their accounts and their right to dominion over their personal property was wrongfully violated by Nationstar (or its agent).

93.     Nationstar's conversion of personal property from Plaintiff and each member of the California Class was accompanied by outrageous and aggravated conduct (i.e. it was done to tens of thousands of consumers, it was done multiple times to some Californians, it affected financially vulnerable persons, and because Nationstar (or its agents) financially benefitted from interest that accrued on the converted funds).

94.     Nationstar's conversion of personal property from Plaintiff and the California Class was fraudulent, willful or wanton conduct that demonstrated indifference to the rights and safety of others; and Nationstar knew or should have known its conduct was reasonably likely to result in harm to Plaintiff and the California Class.

95.     Plaintiff and others similarly situated are entitled to recover compensatory and punitive damages as a result of Nationstar's conversion.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

CLASS ACTION COMPLAINT

a.  Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as the class representative, and appointing the undersigned as Class Counsel;

b.  Adjudging that Nationstar is liable under the causes of actions asserted above, and awarding Plaintiff and the members of the California Class and FDCPA Sub-Class (collectively, "Class Members") actual and statutory damages;

c.  Awarding Plaintiffs and all Class Members their reasonable attorneys' fees and costs incurred pursuant to the FDCPA and RFDCPA;

d.  For trebble or punitive damages to the extent allowed by law;

e.  That the costs of this action be taxed to Nationstar;

f.  For a trial by jury on all issues so triable; and

g.  For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of May, 2021.

*/s/ Alex R. Straus*
Alex R. Straus, SBN 321366
astraus@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
16748 McCormick Street
Los Angeles, CA  91436
Telephone: (917) 471-1894
Facsimile: (310) 496-3176

Scott C. Harris (to be admitted *pro hac vice*)
scott@whitfieldbryson.com
N.C. Bar No. 35328
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603

Telephone: (919) 600-500
Facsimile: (919) 600-5035
pat@wbmllp.com

Edward H. Maginnis (to be admitted *pro hac vice*)
emaginnis@maginnislaw.com
N.C. State Bar No. 39317
**MAGINNIS LAW, PLLC**
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
Fax: 919-882-8763

21

CLASS ACTION COMPLAINT